UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: ______________________

| | |
|---|---|
| Melissa Martinez,<br><br>Plaintiff,<br><br>v.<br><br>Rausch Sturm, LLP, a foreign limited liability partnership.<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).
2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, I 5 U.S.C. § 1692 et seq. ("FDCPA").
3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Melissa Martinez is a natural person who resides in the City of Anoka, County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
5. Defendant Rausch Sturm, LLP is a law firm operating from an address of 300 North Executive Drive, Suite 200, Brookfield, WI 53005 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. In or about the year 2017, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card with Synchrony Bank, in the approximate amount of $5,709.32, which was used by Plaintiff for personal, family and household purposes.

7. At some point, the collection of the Synchrony Bank debt was transferred to Defendant.

8. On December 16, 2025 Defendant filed a lawsuit against Plaintiff in Anoka County District Court, Case No.: 02-CV-25-9013.

9. On April 26, 2026, Plaintiff filed for Chapter 7 bankruptcy protection in United States Bankruptcy Court for the District of Minnesota. *See* USBC-MN File No. 26-41381.

10. Synchrony Bank was listed as a creditor in Plaintiff's bankruptcy petition and collection on Plaintiff's obligation was stayed on April 26, 2026 pursuant to 11 U.S.C. § 362(a)(6).

11. Defendant was listed as a notified party in Plaintiff's bankruptcy petition and received notice of Plaintiff's bankruptcy filing.

12. The United States Bankruptcy Court for the District of Minnesota issued the Order for Discharge in Plaintiff's bankruptcy case on July 21, 2026. A true and correct copy of the Order for Discharge is attached as 'Exhibit A.'

13. Plaintiff's personal liability for the Synchrony Bank debt was discharged on July

21, 2026.

13. On or about September 3, 2026, a judgment was issued in Anoka County District Court, Case No.: 02-CV-25-9013 on August 3, 2026.

14. "The automatic stay in a bankruptcy case does not last indefinitely. In a chapter 7 case for an individual, the automatic stay terminates when a discharge is granted or denied . . . Upon the grant of a discharge, the automatic stay is replaced with the discharge injunction provided by § 524(a)." *In re Henry*, 266 B.R. 457, 473 (Bankr. C.D. Cal. 2001). Per § 524(a)(2), a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . ." *Id.* (*citing Molloy v. Primus Automotive Fin. Servs.*, 247 B.R. 804, 815 (C.D.Cal.2000)).

15. After receiving the bankruptcy discharge, Plaintiff received a Notice of Entry and Docketing of Judgment pursuant to Defendant's lawsuit, that Defendant failed to dismiss upon receiving notice of Plaintiff's bankruptcy, in an attempt to collect this debt. A true and correct copy of the Notice of Entry and Docketing of Judgment is attached as 'Exhibit B.'

16. Plaintiff became confused, frustrated and angry by Defendant's collection of a debt in violation of the Order for Discharge issued by the United States Bankruptcy Court for the District of Minnesota pursuant to 11 U.S.C. § 524(a).

17. This collection letter was an illegal communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. Defendant's letter was a false, deceptive and illegal attempt to collect this debt from Plaintiff in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U .S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(l), amongst others.

19. The FDCPA prohibits collection practices that violate other state or federal laws. Picht v. Jon R. Hawks, Ltd., 236 F.3d 446, 448 (8th Cir. 2001). The Bankruptcy Abuse Prevention and Consumer Protection Act prohibits, "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . ." 11 U.S.C. § 524(a).

20. The above-described illegal collection communication of harassing Plaintiff in an effort to collect this debt by Defendant was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above cited provisions of the FDCPA, amongst others.

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSE OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

24. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(l); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;
- for an award of statutory damages of no less than $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and for Plaintiff; and
- for such other and further relief as may be just and proper

Dated: October 2, 2026

Respectfully submitted,

**ATLAS LAW FIRM, LLC**

By: **s/Michael J. Sheridan**
Michael J. Sheridan, (#0388936)
2006 First Avenue North, Suite 206
Anoka, Minnesota 55303
Telephone: (763) 568-7343
Facsimile: (763) 400-4530
msheridan@atlasfirm.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF ANOKA )

Plaintiff Melissa Martinez, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to *my* attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

____________________________
Melissa Martinez

Subscribed and sworn to before me
this 25th day of September, 2026

____________________________
Notary Public

Michael John Sheridan
Notary Public
Minnesota
My Commission Expires January 31, 2027